**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| CHARITY VANESSA HATHORN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-78-JDK-KNM |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Charity Vanessa Hathorn filed this appeal of a final decision of the Social Security Administration Commissioner. Docket No. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On July 31, 2026, Judge Mitchell issued a Report and Recommendation recommending that the Court affirm the Commissioner's final decision and dismiss the appeal with prejudice. Docket No. 23. Plaintiff timely filed written objections. Docket No. 24.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

Plaintiff originally filed an application for benefits on August 21, 2009, and received a determination of disability as of June 15, 2008. Docket No. 6-6 at 2; Docket

No. 6-9 at 10. The present appeal concerns the Commissioner's final decision on March 5, 2025, that Plaintiff was no longer disabled beginning on August 1, 2019. Docket No. 1 at 1; Docket No. 6-9 at 2, 23. Plaintiff's sole objection to Judge Mitchell's Report is that the Court applied an incorrect standard to the weight that the ALJ afforded each medical opinion. Docket No. 24 at 1. Plaintiff claims that opinion evidence is properly reviewed here pursuant to an older standard under 20 C.F.R. §§ 404.1527 and 416.927 because the newer standard under 20 C.F.R. § 404.1520c applies only to applications filed after March 27, 2017, and Plaintiff's application was filed in 2009. *See* Docket No. 24 at 2. Plaintiff asserts that Judge Mitchell's Report cites the older standard but nonetheless analyzes Plaintiff's claim under the newer standard. *Id.* at 1–2.

Plaintiff is correct that the older standard under 20 C.F.R. §§ 404.1527 and 416.927 applies to her claim because the claim was filed before March 27, 2017. *See* Docket No. 6-6 at 2; Docket No. 21 at 5 n.2 (Defendant's agreement that older standard applies); *Rowell v. Saul*, 2020 WL 2839296, at *2 (S.D. Tex. June 1, 2020) ("[B]ecause [Plaintiff] filed her claim before March 27, 2017, the pre-amendment version of the rule applies here."); *see also Jones v. Comm'r of SSA*, 2022 WL 3509035, at *7–8 (W.D. La. July 27, 2022) (same). But applying the older standard will not "alter the conclusions in this matter," as Plaintiff argues. Docket No. 24 at 3. Instead, the result is the same under either standard.

Plaintiff asserts that the older standard gave more deference to opinions from treating sources. Docket No. 24 at 2. To be sure, the older standard gave considerable

weight to the opinions of treating physicians. 20 C.F.R. § 404.1527; *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence.'" (quoting *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995))). But here, the only medical opinion from a treating provider is a Mental Residual Functional Capacity Assessment completed by Nurse Russell. *See* Docket No. 6-9 at 21. And pursuant to SSR 06-03p, 71 Fed. Reg. 45593-03 (Aug. 9, 2006), a nurse practitioner is not an acceptable medical source. Instead, a nurse practitioner is treated as an "other source." *Id.* The opinion of an "other source" is not entitled to the same deference as an acceptable medical source opinion, and the ALJ weighed Nurse Russell's opinion accordingly. *See* Docket No. 6-9 at 21; *Thibodeaux v. Astrue*, 324 F. App'x 440, 445 (5th Cir. 2009).

Plaintiff also contends that the ALJ improperly weighed the medical opinions of consultative examiners Dr. Nissley and Dr. Kranz under 20 C.F.R. §§ 404.1527 and 416.927. Docket No. 24 at 3. But the ALJ provided appropriate reasons for giving substantial weight to the opinions of both consultative examiners under the older standard. *See Rollins v. Astrue*, 464 F. App'x 353, 356–57 (5th Cir. 2012); *Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000) (citing *Strickland v. Harris*, 615 F.2d 1103, 1110 (5th Cir. 1980)); *see also Goodley v. Harris*, 608 F.2d 234, 236 (5th Cir. 1979). The regulations value consultative examiner opinions that present "relevant evidence to support a medical opinion" and "supporting explanations." 20 C.F.R.

§ 404.1527(c)(3). Here, the ALJ pointed to multiple, specific examination findings by both Dr. Nissley and Dr. Kranz when explaining the weight given to each opinion. Docket No. 6-9 at 21. Reviewing the ALJ's examination of opinion evidence pursuant to 20 C.F.R. §§ 404.1527 and 416.927, the Court concludes that Plaintiff has not shown that the ALJ failed to apply the proper legal standard or that his finding is not supported by substantial evidence.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that despite the Report's application of an improper standard under 20 C.F.R. § 404.1520c, the same outcome results from applying the proper standard under 20 C.F.R. §§ 404.1527 and 416.927. The Court therefore **OVERRULES** Petitioner's objection (Docket No. 24) and **ADOPTS IN PART** the Report and Recommendation of the Magistrate Judge (Docket No. 23) as the opinion of the District Court, insofar as the Report concludes that the Commissioner's decision should be affirmed and Plaintiff's complaint should be dismissed. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this case with prejudice.

So **ORDERED** and **SIGNED** this **15th** day of **September, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE